# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2611

_____

United States of America,               *
                                            *

               Appellee,             *
                                            *   Appeal from the United States

    v.                       *   District Court for the
                                            *   Western District of Missouri.

Charles N. Hill,                   *
                                            *   [UNPUBLISHED]

               Appellant.          *

_____

Submitted: September 30, 2009
Filed: October 8, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Charles Hill pleaded guilty to possessing with intent to distribute 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court[1] sentenced him to 120 months in prison (the statutory minimum) plus 8 years of supervised release, and indicated that Hill would be "credited for time that he ha[d] served" since his arraignment in this case. On appeal, Hill's counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), seeking to withdraw and suggesting that the district court erred in not giving Hill credit for time which he had

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

served prior to his arraignment and which had been credited against a supervised-release-revocation sentence.

Because counsel's argument was not raised below, we review for plain error only. See United States v Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error only). We conclude that the district court did not plainly err in declining to give Hill credit for time served on his supervised-release-revocation sentence, because the court lacked authority to award such credit. See United States v. Wilson, 503 U.S. 329, 333-37 (1992) (Attorney General computes amount of credit after defendant begins sentence); see also 18 U.S.C. § 3585(b) (defendant shall be given credit toward service of term of imprisonment for any time spent in official detention prior to date sentence commences that has not been credited against another sentence).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the district court's judgment, and we grant counsel leave to withdraw on condition that counsel inform Hill about the procedures for filing petitions for rehearing and for certiorari.

_____